IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON DUHAMEL, | ) | CASE NO. 1:16 CV 2758 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN MARY POTTER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jason Duhamel for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Duhamel was convicted by a Cuyahoga County Common Pleas jury in 2012 of pandering sexually-oriented matter involving a minor, illegal use of a minor in nudity oriented material or performance, and possession of criminal tools.[3] He is serving a sentence of 15 years[4] and is currently incarcerated at the Belmont Correctional Institution in Belmont, Ohio.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary by non-document order dated November 14, 2016.

[2] ECF # 1.

[3] ECF # 8, Attachment 1 at 157.

[4] *Id*.

[5] https://appgateway.drc.ohio.gov/OffenderSearch

In his petition, Duhamel raises five grounds for habeas relief.[6]  The State has filed a return of the writ arguing that the petition should be dismissed as it is without merit.[7] Duhamel has not filed a traverse.

For the reasons that follow, I will recommend Duhamel's petition be denied.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[8]

Duhamel was charged with 37 sex-related offenses.[9]  Counts 1 through 35 of the indictment charged Duhamel with pandering sexually oriented matter involving a minor.[10] Counts 36 and 37 charged Duhamel with one count each of illegal use of a minor in sexually-oriented material and possession of criminal tools.[11]  The charges stemmed from a search of

---

[6] ECF # 1.

[7] ECF # 8.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 8, Attachment 1 at 260.

[10] *Id*.

[11] *Id*. at 260-61

Duhamel's home in which investigators found digital files containing child pornographic evidence on his computer.[12]

In preparation for trial, Duhamel filed a motion to suppress evidence of any statements he made to police during the search of his home.[13]  At a hearing on the motion, investigator David Frattare ("Frattare") of the Cuyahoga County Prosecutor's Office and the Ohio Internet Crimes Against Children ("ICAC") Task Force testified that he identified an IP address suspected of sharing 66 files of child pornography via the Ares peer-to-peer file sharing network.[14]

File sharing networks allow program users to share filed on their personal computers with other program users.[15]  The IP addresses Frattare identified in this case were linked to a computer located in a residence on West 126th Street in Cleveland, Ohio.[16]  Investigators connected directly to Duhamel's computer and browsed numerous files with titles such as "Alicia 10 yo pthe little girl loves adult sex," and "10 yr boy with 12yr girl bufing." Investigators downloaded two of the files and confirmed that they both contained child pornography.[17]

---

[12] *Id.* at 261.

[13] *Id*.

[14] *Id.*

[15] *Id*.

[16] *Id*. at 261-62.

[17] *Id*. at 262.

Further investigation revealed that three adults live in the house associated with the IP Address, but investigators did not know which of the adults was pandering pornography.[18] Pursuant to a search warrant, investigators searched Duhamel's house early one morning.[19] Duhamel was the only adult in the home at the time of the search.[20]

A Cuyahoga County Sheriff's Office detective interviewed Duhamel while other officers searched the house.[21]  A video recording of the interview was played for the court and made part of the record.[22]   The detective testified that before he posed any questions, he advised Duhamel that he was not under arrest and that he was not required to answer any questions if he did not want to.[23]  Yet, Duhamel spoke freely with police and, at times, initiated conversation.[24]

After hearing the testimony and reviewing the video of the interview, the trial court determined that because Duhamel was not in custody when he made statements to the police,

---

[18] *Id*.

[19] *Id.*

[20] *Id*.

[21] *Id*.

[22] *Id.*

[23] *Id*.

[24] *Id*.

*Miranda* warnings were not required.[25] Accordingly, the trial court denied the motion to suppress.[26]

The evidence presented at the suppression hearing was reintroduced for the jury at trial.[27]  Duhamel admitted to the detective that he had files that he knew were illegal.[28]  He told police that whenever he downloaded files from Ares, he downloaded multiple files at once, transferred the downloaded files to folders on an external hard drive, and sorted through them later.[29]  He denied looking at the downloaded files before transferring them to the external hard drive.[30]  But, he advised the detective that any questionable material on his devices would likely be found in either folder titled "finished" that was within a folder titled "other" on the external hard drive, or within a folder titled "kid" or "young" that was within a folder called "movies."[31]

Investigator, Jason Howell ("Howell") of the Cuyahoga County Prosecutor's Office and the Ohio ICAC Task Force, testified that he performed on-scene forensic scans of numerous digital devices in Duhamel's home during the search in order to confiscate only

---

[25] *Id*. at 263.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] *Id*.

[30] *Id*. at 263-64.

[31] *Id*. at 264.

those devices that contained child pornography.[32]  Investigators seized six items, all of those items were found in Duhamel's bedroom.[33]

After the search, Howell conducted a more thorough forensic investigation of the devices in the lab, where he discovered more files of child pornography in addition to comics and animated videos of children having sex.[34]

Duhamel moved for acquittal under Crim.R.29 after the state rested its case.[35]  The court denied the motion, and the case was submitted to the jury.[36]  The jury found Duhamel guilty on Counts 3 through 8, 10 through 30, 36, and 37, and not guilty of Counts 1, 2, 9, and 31 through 35.[37]

---

[32] *Id.*

[33] *Id.*

[34] *Id*. at 266.

[35] *Id*. at 267.

[36] *Id*.

[37] *Id*.

6

**B.      Direct Appeal**

*1.      Ohio Court of Appeals*

Duhamel, through counsel, filed a timely[38] notice of appeal[39] with the Ohio Court of Appeals.  In his brief, Duhamel raised six assignments of error:

1.      The court erred in denying Duhamel's motion to suppress the statement extracted from him while in custody but in absence of Miranda warnings.[40]

2.      The court erred in denying Duhamel's Rule 29 motions.[41]

3.      The trial court erred in denying Duhamel additional funds for his computer forensics expert.[42]

4.      The jury's verdict was against the manifest weight of the evidence.[43]

5.      The State's evidence was insufficient to support a verdict of guilty on Counts 1-36 of in the indictment.[44]

---

[38]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Duhamel's conviction and sentence were journalized on April 1, 2014  (*id.* at 58) and the notice of appeal was filed on April 11, 2014. *Id.* at 62.

[39]  *Id.*

[40]  *Id*. at 71.

[41]  *Id*. at 81.

[42]  *Id*. at 87.

[43]  *Id*. at 91.

[44]  *Id*. at 92.

6.    The sentence in the matter was a violation of Duhamel's Eighth Amendment protection against cruel and unusual punishment.[45]

The state filed a brief in response,[46] to which Duhamel replied.[47]  The Ohio appeals court *sua sponte* dismissed Duhamel's appeal for lack of a final appealable order and reinstated the case to the trial court's active docket[48]

On December 10, 2014, the trial court sentenced Duhamel to a 15 year aggregate sentence.[49]

## 2.    *Direct appeal from resentencing*

On December 15, 2014, Duhamel, through counsel, timely filed[50] a notice of appeal[51] with the Ohio Court of Appeals.  In his brief, Duhamel raised seven assignments of error:

1.    The court erred in denying Duhamel's motion to suppress the statement extracted from him while in custody but in absence of Miranda warnings.[52]

---

[45] *Id*. at 93.

[46] *Id.* at 105.

[47] Id. at 143.

[48] *Id.* at 155.

[49] *Id*. at 157.

[50]  Duhamel's conviction and sentence were journalized on December 10, 2014  (*id.* at 157) and the notice of appeal was filed on December 13, 2014. *Id.* at 159.

[51] *Id*.

[52] *Id*. at 168.

2.    The court erred in denying Duhamel's Rule 29 motions.[53]

3.    The trial court erred in denying Duhamel additional funds for his computer forensics expert.[54]

4.    The jury's verdict was against the manifest weight of the evidence.[55]

5.    The State's evidence was insufficient to support a verdict of guilty on Counts 1-36 of in the indictment.[56]

6.    The sentence in this matter was a violation of Duhamel's Eighth Amendment protection against cruel and unusual punishment.[57]

7.    The imposition of costs and fines on Mr. Duhamel was unconstitutional.[58]

The state filed a brief in response,[59] to which Duhamel replied.[60]   The Ohio appeals court overruled all seven assignments of error and affirmed the decision of the trial court.[61]

---

[53] *Id*. at 183.

[54] *Id*. at 190.

[55] *Id*. at 193.

[56] *Id*. at 194.

[57] *Id*. at 195.

[58] *Id*. at 199.

[59] *Id*. at 202.

[60] *Id*. at 245.

[61] *Id*. at 258.

### 3.      *The Supreme Court of Ohio*

Duhamel, through counsel, thereupon filed a timely[62] notice of appeal with the Ohio

Supreme Court.[63]  In his brief in support of jurisdiction, he raised six propositions of law:

1.      The court erred in denying Duhamel's motion to suppress.

2.      The court erred in denying Duhamel's Rule 29 motions.

3.      The trial court erred in denying Duhamel additional funds for his
        computer forensics expert.

4.      Verdict was against the manifest weight of the evidence.

5.      The State's evidence was insufficient to support a verdict of guilty on
        Counts 1-36 in the indictment.

6.      The sentence in this matter was a violation of Duhamel's Eighth
        Amendment protection against cruel and unusual punishment under the
        Ohio and U.S. Constitutions.[64]

The State filed a memorandum in response.[65] On January 20, 2016, the Supreme Court

of Ohio declined to accept jurisdiction of the appeal under S.Ct.Prac. Rule 7.08(B)(4).[66]

---

[62]   *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The court of appeals affirmed the decision of the trial court on August 6, 2015. *Id.* at 258.  Duhamel filed his notice of appeal with the Supreme Court of Ohio on September 17, 2015, thus it is timely.  *Id*. at 289.

[63]   *Id.*

[64]   *Id*. at 293.

[65]   *Id*. at 304.

[66]   *Id*. at 318.

Duhammel, through counsel, filed a petition for writ of *certiorari* to the United States Supreme Court which was denied on June 13, 2016.[67]

## C.  Petition for writ of habeas corpus

On November 12, 2016, Duhamel, through counsel, timely filed[68] a federal petition for habeas relief.[69]  He raises five grounds for relief:

| | |
|---|---|
| **GROUND ONE:** | The State Ohio rulings were in direct conflict with the U.S. Supreme Courts Jurisprudence regarding custodial interrogations.[70] |
| **GROUND TWO:** | State's failure to provide expert witness fees violated petitioner's due process rights.[71] |
| **GROUND THREE:** | State's failure to present any evidence as to petitioner's knowledge violated petitioner's fair trial rights.[72] |
| **GROUND FOUR:** | The State's evidence was insufficient to sustain the conviction of petitioner.[73] |

---

[67] *Id*. at 319.

[68] The present petition for federal habeas relief was filed on November 12, 2016. ECF # 1. As such, it was filed within one year of the conclusion of Duhamel's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[69] ECF # 1.

[70] *Id*. at 11.

[71] *Id*. at 24.

[72] *Id*. at 27.

[73] *Id*. at 37.

**GROUND FIVE:**       The sentence in this matter was a violation of petitioner's Eighth Amendment protection against cruel and unusual punishment under the Ohio and U.S. Constitutions.[74]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Duhamel is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[75]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[76]

3.    In addition, my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[77]

4.    Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[78]

---

[74] *Id*. at 38.

[75] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[76] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[77] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[78] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.    Finally, Duhamel is represented by counsel, and has requested an evidentiary hearing to develop the factual bases of his claims.[79] As is detailed below, because all claims may be resolved on the current record, I deny the motion for evidentiary hearing.

**B.    Standards of review**

*1.    AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[80] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[81]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[82]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[83] and  "difficult to meet,"[84] thus, preventing petitioner and

---

[79] 28 U.S.C. § 2254(e)(2).

[80] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[81]  *See* 28 U.S.C. § 2254 (2012).

[82]  28 U.S.C. § 2254(d) (2012).

[83] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[84]  *Id.* (citation omitted).

13

federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[85]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[86]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[87] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[88] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[89]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[90]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[91]  Under the "contrary to" clause, if materially

---

[85] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[86] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[87] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[88] *Id.*

[89] *Id.*

[90] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[91] *Id.*

14

indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[92]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[93]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[94]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[95]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[96]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

---

[92]  *See id.*

[93]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[94]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[95]  *Id.*

[96]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

b.      *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[97]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[98] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[99] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[100] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[101]

---

[97] *Brumfield*, 135 S.Ct. at 2277.

[98] 28 U.S.C. § 2254(e)(1) (2012).

[99] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[100] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[101] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

16

2.    *Miranda-custodial interrogation*

*Miranda v. Arizona*[102] requires that a person subjected to a custodial must be warned of certain rights.[103]  Miranda warnings are not required in non-threatening and non-confining interrogation situations, which are non-custodial in nature.[104] *Miranda* defines the nature of a 'custodial' interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way."[105] This is further dependent on whether the suspect is formally under arrest or if the subject's movement is restrained to the degree that it is the equivalent of an arrest.[106]

Further, when deciding if an interrogation was custodial, courts look at "how a reasonable man in the suspect's position would have understood his situation."[107] The Supreme Court of Ohio instructs that, "[i]n judging whether an individual has been placed into custody the test is whether, under the totality of the circumstances, a 'reasonable

---

[102]  *Miranda v. Arizona*, 384 U.S. 436 (1966)

[103] A suspect must be warned that he may remain silent, that anything he says may be used against him, that he has a right to an attorney, and that one will be appointed for him if he cannot afford to pay. *Id.*

[104] *Oregon v. Mathiason*, 429 U.S. 492, 494 (1977).

[105] *Miranda*, 384 U.S. at 444.

[106] *California v. Beheler*, 463 U.S.1121, 1127 (1983).

[107] *State v. Mason*, 82 Ohio St. 3d 144, 154, 694 N.E.2d 932, 946 (1998) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984)).

person would have believed that he was not free to leave.'"[108] The Sixth Circuit, relying on Supreme Court precedent, uses a totality of the circumstances approach as well, looking at the "objective circumstances of the interrogation," rather than "the subjective views harbored by either the interrogating officers or the person being questioned."[109]

### 3. Sufficiency of the evidence

Despite the general prohibition against federal habeas corpus review of issues of state law,[110] a claim that a petitioner was convicted with insufficient evidence is cognizable under 28 U.S.C. § 2254[111] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt."[112]

In that regard, the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[113] This standard does

---

[108] *State v. Gumm*, 73 Ohio St. 3d 413, 429, 653 N.E.2d 253, 268 (1995) (quoting *U.S. v. Mendenhall*, 446 U.S. 544, 554 (1980)).

[109] *Stanbury v. California*, 511 U.S. 318, 323 (1994); *Mason*, 320 F.3d at 631.

[110] *See*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[111] *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).

[112] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

[113] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[114]

Moreover, in addressing an argument about the sufficiency of the evidence, it must be remembered that an attack on the credibility of a witness is simply a challenge to the quality of the prosecution's evidence, and not to its sufficiency.[115] Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*, whereby the evidence is to be viewed most favorably to the prosecution, and next, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[116]

## *4*.    *Eighth Amendment-cruel and unusual punishment*

The Eighth Amendment to the U.S. Constitution provides that "cruel and unusual punishments [shall not be] inflicted" and Eighth Amendment is binding upon the states through the Fourteenth Amendment's Due Process Clause.[117]  To pass Eighth Amendment

---

[114] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[115] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

[116] *Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).

[117] *Robinson v. California*, 370 U.S. 660 (1962).

scrutiny, the Supreme Court has determined that strict proportionality between a crime and its punishment is not required.[118]

The Sixth Circuit has adopted the *Harmenlin* "narrow proportionality principle" and a sentence must be grossly disproportionate to the conduct being punished to violate the Eighth Amendment.[119]  State trial court judges are given great discretion in determining a defendant's sentence and substantial deference is given to a sentencing court's decision and the legislature's broad authority to enact criminal penalties.[120]  Outside the context of capital punishment, successful federal constitutional challenges to the length of a sentence alone are rare.[121]  A sentence that falls within the maximum penalty set by state statute generally does not constitute cruel and unusual punishment and a sentence is authorized by law if it does not exceed the maximum terms that the trial court is permitted to impose by statute.[122] Furthermore, consecutive sentencing is constitutionally permissible.[123]

---

[118] *Harmelin v. United States*, 501 U.S. 957, 959-960 (1991).

[119] *U.S. v. Brooks*, 209 F.3d 577 (6th Cir. 2000).

[120] *Solem v. Helm*, 463 U.S. 277 (1983).

[121] *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

[122] *Hamelin v. Michigan, 501 U.S.* at 959*; Austin v. Jackson*, 213 F.3d 298, 302 (6 th Cir. 2000); *U.S. v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003).

[123] *Oregon v. Ice*, 555 U.S. 160 (2009); *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *State v. Vasquez*, 18 Ohio App.3d 92, 481 N.E. 2d 640 (1984).

**C.    Application of standards**

*1.    Ground one: The Ohio State rulings were in direct conflict with the U.S. Supreme Court's jurisprudence regarding custodial interrogations.*

The trial court denied Duhamel's motion to suppress statements that he made to police officers as they executed a search warrant on his home.[124]  Duhamel asserts that he was in custody whenever he spoke with police[125] but did not receive *Miranda* warnings.[126]  He contends that the interview that took place at his home, as well as the admission of the recording of that interview at the trial, violated his rights under *Miranda*.[127]

As the state appeals court noted, police entered Duhamel's home with guns drawn and did not allow him to call his mother or enter his bedroom to retrieve a cough drop.[128]

But as the state appeals court also noted, Detective Jamie Bonnette, the detective that interviewed Duhamel while police searched his home,[129] testified that the police refused to permit Duhamel to go to his bedroom because they thought he might try to hide something they were looking for.[130] The police also held concern for everyone's safety.[131]

---

[124] ECF # 1 at 17.

[125] *Id*. at 11-17.

[126] *Id*. at 13.

[127] *Id*. at 11-22.

[128] ECF # 8, Attachment 1 at 270.

[129] *Id*. at 262.

[130] *Id*. at 271.

[131] *Id*.

In addition, several factors demonstrate that Duhamel's interview was non-custodial in nature.  First, the state appeals court found that there was nothing accusatorial about the interview.[132]  Second, Bonnette testified that prior to posing any questions, he informed Duhamel that he was not under arrest.[133]  Finally, Bonnette testified, and the video recording of the interview shows, that he reminded Duhamel several times that he did not have to answer any questions if he did not want to.[134]

In sum, as the police searched Duhamel's home, his freedom was not restricted beyond what was reasonable to ensure that the officers could execute the search warrant thoroughly and safely.  In addition, Duhamel's interview with the police was non-accusatorial, he was told that he was not under arrest, and he was reminded that he did not have to answer any questions if he did not want to. All of these factors made the interview non-custodial in nature.  Under Supreme Court precedent,[135] *Miranda* warnings need not be given in this situation.  The trial court's admission of statements during the interview is not "contrary to" or an "unreasonable application of" Supreme Court precedent.

---

[132] *Id*. at 270.

[133] *Id*.

[134] *Id*.

[135] *Stansbury*, 511 U.S. at 323.

22

### 2.    *Ground Two: State's failure to provide expert witness violated petitioner's due process rights*

The trial court denied Duhamel's request for additional funds to have his expert examine the state's computer evidence.[136]  Duhamel contends that the constitutional right to due process entitles him to a "fair and adequate opportunity" to defend against (and utilize) expert testimony.[137]  Further, he argues that the constitutional right to equal protection also requires that expert assistance be provided in this case.[138]

In *Britt v. North Carolina*,[139] the Supreme Court held that "[t]he state must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners.

Although the Supreme Court has held that states must provide indigent defendants with the basic tools for an adequate defense, as the state appeals court noted, the trial court did not find Duhamel indigent, and no affidavit of indigency was filed at the time the court denied Duhamel's third request for additional funds to pay his expert.[140]  Thus, consistent with the Supreme Court's ruling in *Britt*, the trial court did not need to provide Duhamel

---

[136] ECF # 1 at 26.

[137] *Id*. at 25 (citing *Chambers v. Mississippi*, 410 U.S. 284, 294, 302 (1973).

[138] *Id*.

[139] *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)-emphasis mine

[140] ECF # 8, Attachment 1 at 277.

additional funds to pay his computer expert.  The state appellate decision clearly was not "contrary to" or an "unreasonable application of" Supreme Court precedent.

**3.      *Ground three: State's failure to provide any evidence as to petitioner's knowledge violated petitioner's due process rights.***

Duhamel argues that the state never presented evidence proving that he knew that the files on his computer contained child pornography.[141]  Duhamel contends that the state was required offer evidence that he had possessed the files "with knowledge of the character of the material or performance involved."[142]  Duhamel asserts that the state's failure to meet this legally mandated requirement violated his state and federal fair trial rights.[143]

As noted by the state appeals court, R.C. 2901.22(B) defines "knowledge."  The statute states in relevant part, that "[a] person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact."[144]

---

[141] ECF # 1 at 27-37.

[142] *Id*. at 28 (citing to R.C. 2907.322(A)(1) and (A)(2)).

[143] *Id*. at 29.

[144] ECF # 8, Attachment 1 at 274-75.

24

Under this definition the evidence presented proves that Duhamel knew that it was likely that the files referenced in the indictment contained child pornography.[145]  For example, in the video of the search of Duhamel's home, Duhamel is seen explaining to police where child pornography may be found.[146]  Duhamel also admitted he was familiar with certain search terms that locate child pornographic files.[147]  Moreover, Duhamel admitted to police during the execution of the search warrant that he possessed illegal files.[148]

The state appeals court determined that the state did present evidence sufficient to prove that Duhamel had knowledge (based on the definition of knowledge as set forth by Ohio statute) that certain files on his computer contained child pornography.  The federal habeas court must follow the rulings of the state's highest court with respect to state law. Based on the state appeals court's interpretation of state law, the state did in fact demonstrate that Duhamel knew that it was likely that the files referenced in the indictment contained child pornography.  Thus, Duhamel certainly did not demonstrate that a fundamental principle of fairness was violated in his trial.

---

[145] *Id*. at 274-76.

[146] *Id*. at 274.

[147] *Id*.

[148] *Id*. at 276.

25

*4.*     *Ground four: The State's evidence was insufficient to sustain the conviction of petitioner*

This ground restates the argument made to support the third ground.  Sufficient evidence exists to support a conviction consistent with the Due Process Clause of the Fourteenth Amendment, in viewing the evidence in favor of the prosecution, the reviewing court can conclude that a rational trier of fact could find the elements of the offense proved beyond a reasonable doubt.[149]  The evidence introduced of Duhamel's knowledge satisfies this standard.  The state appeals court ruling was not an unreasonable applicatio of the Supreme Court precedent.

*5.*     *Ground five: The sentence in this case was a violation of petitioner's Eighth Amendment protection against cruel and unusual punishment under the Ohio and U.S. Constitutions.*

As the state appeals court noted, Duhamel's sentence fell within the statutory range.[150] Since Duhamel's conviction fell within the statutory range allowed by law it was not excessive or cruel and unusual punishment according to Supreme Court precedent. Therefore, the fact that Duhamel was sentenced to a fifteen year prison term was not "contrary to" or an "unreasonable application of" Supreme Court precedent.

---

[149] *Jackson*, 443 U.S. at 324.

[150] *Id*. at 284.

## Conclusion

For the foregoing reasons, I recommend that the petition of Jason Duhamel for a writ of habeas corpus be denied as set forth above.

Dated: February 2, 2018                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[151]

---

[151] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

27