IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason Duhamel,                             Case No. 1:16 CV 2758

                 Petitioner,           ORDER ADOPTING
                                  REPORT AND RECOMMENDATION
       -vs-
                                  JUDGE JACK ZOUHARY
Warden Mary Potter,

                 Respondent.

Petitioner Jason Duhamel, a state prisoner represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Warden filed a Return of Writ (Doc. 8). The case was referred to Magistrate Judge William Baughman for a Report and Recommendation (R&R). The R&R (Doc. 10) recommends this Court deny the Petition on the merits. Duhamel timely objected (Doc. 11). This Court reviews *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

**BACKGROUND**

As Duhamel does not meaningfully object to most of the procedural history and facts set forth in the R&R, this Court incorporates them by reference, briefly summarizing the timeline of his state conviction and appeals and noting disputes where they arise.

In September 2012, Duhamel was indicted on 35 counts of pandering sexually oriented matter involving a minor, as well as one count each of illegal use of a minor in nude material or performance and possession of criminal tools (Doc. 10 at 2). Duhamel requested $5,000 to hire an expert witness at the state's expense (Doc. 9-1 at 12). The trial court granted the request in part, initially allotting

$2,500. The court also granted a second request in part, for an additional $1,000. The court denied Duhamel's third request for additional funds (*id.*). Duhamel objects to the R&R's finding that he was not indigent at the time the trial court denied his third request for expert witness funds (Doc. 11 at 6).

In preparation for trial, Duhamel moved to suppress evidence of any statements he made to police during the search of his home (Doc. 10 at 3). Following an evidentiary hearing -- including review of the video recorded interview -- the trial court concluded that Duhamel was not in custody at the time, and therefore *Miranda* warnings were not required (*id.* at 4–5). The video was admitted into evidence at trial, and the jury found Duhamel guilty on 29 counts of pandering, as well as the charges for nude material and criminal tools; and not guilty on the remaining charges (*id.* at 6).

The state appellate court *sua sponte* dismissed Duhamel's initial direct appeal for lack of a final appealable order and reinstated the case on the trial court docket (*id.* at 7). The trial court then sentenced Duhamel to 15 years in prison (*id.* at 8). Duhamel timely appealed, and the state appellate court affirmed the judgment (*id.* at 9). The Ohio Supreme Court declined jurisdiction (*id.* at 10), and the United States Supreme Court denied the petition for a writ of *certiorari* (*id.* at 11).

Duhamel then filed this federal habeas corpus action.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court may not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts, unless the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). To determine whether a state court decision is contrary to or an unreasonable

application of clearly established Supreme Court precedent, courts look only to the holdings of Supreme Court decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). State court factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

## DISCUSSION

The Petition asserts five grounds for relief: (1) the state court erred in ruling that the police interview in Duhamel's home was non-custodial, and therefore did not require *Miranda* warnings; (2) the failure to provide sufficient expert witness fees violated Duhamel's due process rights; (3) the prosecution failed to present any evidence on the element of knowledge, in violation of due process; (4) the evidence was insufficient to sustain a conviction; and (5) the sentence in this case violated Duhamel's Eighth Amendment right to be free from cruel and unusual punishment.

**Ground One: *Miranda* Violation**

Duhamel contends he was in custody when he spoke with police while they executed a search warrant on his home. He highlights the fact that the officers "denied him movement around his residence, the use of a mobile phone or his request to retrieve a cough drop" from his bedroom while the search and interview took place (Doc. 1 at 22; Doc. 11 at 2–3). Because Duhamel was not advised of his *Miranda* rights before the interview, he argues the trial court erred in denying his motion to suppress.

The question of whether an interrogation is "custodial" focuses on the perception of a reasonable person under the circumstances. *Stansbury v. California*, 511 U.S. 318, 325 (1994). Whether a reasonable person would believe they were "in custody" depends on "all of the

3

circumstances surrounding the interrogation" and "how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *Yarborough v. Alvarado*, 541 U.S. 652, 663 (quoting *Stansbury*, 511 U.S. at 325). *See also State v. Mason*, 82 Ohio St. 3d 144, 154 (1998) (citations omitted). As the state appellate court noted, under this totality of the circumstances approach, "[t]he ultimate inquiry is whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest" (Doc. 8-1 at 273–74) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)).

Thus, encounters within a suspect's home "often" will "not rise to the kind of custodial situation that necessitates *Miranda* warnings." *United States v. Panak*, 552 F.3d 462, 466 (6th Cir. 2009) (quoting *United States v. Salvo*, 133 F.3d 943, 950 (6th Cir. 1998)). The Supreme Court has noted that *Miranda* requirements do not apply to non-custodial interviews within a suspect's home because an important factor in the *Miranda* rationale -- the isolation of a suspect in unfamiliar surroundings for "no purpose other than to subjugate the individual to the will of his examiner" -- is absent. *Beckwith v. United States*, 425 U.S. 341, 346 & n.7 (1976). However, in-home interrogations may become custodial in nature depending on various factors, such as the number of officers present; their display of authority, such as conspicuous brandishing of weapons; and their use of hostile questioning. *Panak*, 552 F.3d at 466 (citing *United States v. Craighead*, 539 F.3d 1073, 1083 (9th Cir. 2008)).

The R&R correctly concludes that Duhamel was not in custody at the time of the police interview. Thirteen officers participated in executing the search warrant at Duhamel's home that morning. While some of the officers searched his bedroom, others questioned Duhamel at the kitchen table. The state appellate court noted: (1) there was nothing "accusatorial" about the interview, (2)

4

the conversation was casual in nature, (3) an officer informed Duhamel that he was not under arrest, and (4) an officer reminded Duhamel several times that he was under no obligation to answer their questions (Doc. 8-1 at 273–74; *see also* Docs. 12–13). Duhamel also initiated the conversation at times and volunteered information to assist the police in their search (*see* Docs. 12–13).

During the search, the officers refused to allow Duhamel to retrieve a cough drop from his bedroom (*id.*). One of the officers testified at trial that he refused to allow Duhamel to go to his bedroom (where the search warrant was being executed) because he thought Duhamel might try to hide evidence, and for safety reasons (Doc. 8-1 at 274). Regardless of the reasons, this minor restriction does not rise to the level of restraint associated with a formal arrest. As the state appellate court aptly concluded, "[u]nder these circumstances, a reasonable person would conclude that while he was not under arrest, he could not go into the bedroom because his presence would interfere with police business" (*id.*). Duhamel's arguments to the contrary are not persuasive (*see* Doc. 11 at 2–5). Thus, the state court decision was neither contrary to nor an unreasonable application of Supreme Court precedent governing *Miranda* warnings. The Objection is overruled.

**Ground Two: Expert Funds**

Duhamel next argues that the trial court violated his due process rights by denying his third request for supplemental funds to retain an expert witness. He also objects to the R&R's finding that he was not indigent at the time the request was denied (*id.* at 6).

In preparation for trial, the court awarded Duhamel $3,500 in expert witness fees, before denying an additional request for funds (Doc. 9-1 at 12). At the time of the third request, the court noted that although Duhamel filed an affidavit of indigency at the outset of the case, he had since posted bond and retained counsel (*id.* at 13–16). The court offered to hold a hearing on the issue of indigency (*id.* at 14):

5

> We can go forward with this hearing today, if you want to have a hearing on this affidavit of indigency. We can perhaps have a hearing on that, in which case I'll want some tax return information, some employment information, if you [sic] want have a true hearing on this -- on the level of indigency that he is. What's your pleasure?

Duhamel elected not to proceed with the hearing, though he noted he was being supported financially by his family (*id.* at 13–16). The state appellate court later concluded that the trial court did not abuse its discretion in denying the request for additional funds because the application did not include an affidavit of indigency (Doc. 8-1 at 277).

Indigent criminal defendants are entitled to "the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Mason v. Mitchell*, 320 F.3d 604, 615 (6th Cir. 2003) (citing *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). It is within the trial court's discretion to deny funding requests if a defendant fails to make a particularized showing of a reasonable probability that both (1) the expert would aid in the defense, and (2) denying the requested assistance would result in an unfair trial, in violation of due process. *Mason*, 320 F.3d at 615 (citing *Mason*, 82 Ohio St. 3d at 150).

But even if he makes this showing, an indigent defendant is entitled to a competent expert, not necessarily the expert of his personal liking. *Smith v. Mitchell*, 348 F.3d 177, 217 (6th Cir. 2003) (citing *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985)). Duhamel cites no authority -- factual or legal -- to support his claim that $3,500 was insufficient to obtain a competent technology expert. Thus, regardless of whether he was indigent, Duhamel fails to identify a violation of his due process rights. The Objection is overruled.

**Ground Three: Knowledge Element**

Duhamel contends the state was required to prove he had "knowledge of the character of the material or performance" contained in the video files that formed the basis for the indictment and

6

conviction. The elements of a crime are a question of state law, but federal due process requires the prosecution to prove each element beyond a reasonable doubt. *See Fiore v. White*, 531 U.S. 225, 228–29 (2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). Duhamel argues the state failed to satisfy its burden on the knowledge element because it presented no evidence that he opened and viewed any of the files at issue. And he objects that the R&R failed to consider testimony by the state's witnesses that he "could not possibly have known what was in the various seized video files without having viewed them" (Doc. 11 at 6).

Ohio Revised Code § 2901.22(B) provides:

A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

The state presented evidence that child pornography materials often have descriptive names, like the titles on 28 of the video files found on Duhamel's external hard drives (Doc. 8-1 at 275). The jury returned verdicts of guilty corresponding to the files with descriptive titles and acquitted Duhamel on all counts related to non-descriptive titles (*id.* at 275). Further, during the interview with officers in his home, Duhamel admitted downloading such files and organizing them into folders named according to content, including "kid" or "young" (*id.* at 266–67). Duhamel also gave officers specific instructions on where the video files could be found on his devices and admitted being familiar with -- and using -- search terms associated with child pornography (*id.*). *See State v. Fielding*, 2014-Ohio-3105, at ¶ 54 (Ohio Ct. App. 2014) ("The fact remains that appellant input search terms indicative of child pornography, and child pornography was discovered on appellant's computers."). This was sufficient for a reasonable jury to conclude that Duhamel was aware that the video files in question probably contained child pornography. The Objection is overruled.

7

**Ground Four: Insufficient Evidence**

Duhamel contends the state presented insufficient evidence to sustain a conviction, essentially rehashing his arguments and objections in support of Ground Three (*see* Doc. 11 at 8). A sufficiency of the evidence claim requires a two-step inquiry. First, evidence is sufficient to support a conviction if "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Second, if the evidence is insufficient, then this Court proceeds to apply AEDPA deference in determining whether the state court determination was objectively unreasonable. *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010) (citing *Tucker v. Palmer*, 541 F. 3d 652, 656 (6th Cir. 2008)). As discussed above, the prosecution presented sufficient evidence for a rational jury to conclude that Duhamel knew certain files on his computer contained child pornography. The Objection is overruled.

**Claim Five: Eighth Amendment**

Finally, Duhamel asserts his 15-year sentence is excessive and rises to the level of cruel and unusual punishment. He bases this argument on the fact that "Ohio defendants causing physical harm to other Ohio citizens, causing their death, sexually assaulting them and more" often receive lower sentences than Duhamel (Doc. 1 at 38). He further argues that he is being denied access to the data required to prove that his sentence is disproportionate because court records are not subject to disclosure under the Ohio Public Records Act (*id.* at 39; Doc. 11 at 8–9).

To support an Eighth Amendment claim, a sentence must be "extreme" or "grossly" disproportionate. *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). This standard is "rarely met." *United States v. Young*, 766 F.3d 621, 625 (6th Cir. 2014). This Court must give "substantial

deference to the broad authority that legislatures necessarily possess . . . in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983). *See also Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("[A] sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'") (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In his direct appeal, Duhamel argued the trial court erred in imposing consecutive sentences and failing to merge allied offenses (*see* Doc. 8-1 at 282–87). He does not raise these claims here and instead focuses on the proportionality (or lack thereof) of his sentence. As the R&R correctly notes, the 15-year sentence fell within the statutory range. Under the "narrow proportionality principle," it was therefore neither contrary to state law, nor grossly disproportionate. *See Harmelin*, 501 U.S. at 997–1001, 1004. Thus, this Court need not reach Duhamel's argument that he was entitled to access the court clerk's electronic records database. The Objection is overruled.

## **CONCLUSION**

The Objections (Doc. 11) are each overruled. This Court adopts the R&R (Doc. 10) and denies the Petition (Doc. 1) on the merits. Further, this Court certifies an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 12, 2018